ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
JAMES I. JACONETTE (179565)
SCOTT H. SAHAM (188355)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jamesj@rgrdlaw.com
scotts@rgrdlaw.com
jcaringal@rgrdlaw.com
    – and –
DENNIS J. HERMAN (220163)
DAVID W. HALL (274921)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
dhall@rgrdlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OMEGA CAPITAL INVESTORS, L.P., et al., ) | Case No. 4:16-cv-02268-PJH |
| ) | |
|                Plaintiffs, ) | PLAINTIFFS' NOTICE OF MOTION AND |
| ) | MOTION TO REMAND; MEMORANDUM |
|    vs. ) | OF POINTS AND AUTHORITIES IN |
| ) | SUPPORT THEREOF |
| SUNEDISON, INC., et al., ) | |
| ) | DATE:    August 10, 2016 |
|                Defendants. ) | TIME:    9:00 a.m. |
| ) | CTRM:   3, 3rd Floor |

1150357_1

1

## TABLE OF CONTENTS

2

**Page**

3   I.    INTRODUCTION ...................................................................................................1

4   II.   BACKGROUND ...................................................................................................1

5   III.  ARGUMENT .........................................................................................................3

6         A.    Removal of this Action is Expressly Prohibited Under the 1933 Act ....................3

7         B.    This Action Is Not "Related To" the Bankruptcy Proceeding ................................7

8         C.    Equitable Grounds Require Remand Under 28 U.S.C. §1452(b) ..........................12

9   IV.   CONCLUSION ....................................................................................................15

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page

## CASES

*A.H. Robins Co. v. Piccinin*,
    788 F.2d 994 (4th Cir. 1986) ...................................................................................12

*The Aetna Cas. & Sur. Co. v. Ga. Tubing Corp.*,
    93 F.3d 56 (2d Cir. 1996) .......................................................................................11

*Anton S. Badri v. TerraForm Global, Inc., et al.*,
    Case No. 3:16-cv-02269-WHO ................................................................................2

*Ariail Drug Co., Inc. v. Lease Partners Corp.*,
    No. CIV. A. 96-G-0708-S, 1996 WL 1060890
    (N.D. Ala. May 23, 1996) ..................................................................................5, 15

*Armstrong v. Honeywell Int'l, Inc.*,
    198 F. Supp. 2d 899 (S.D. Tex. 2002) .....................................................................9

*Beltran v. TerraForm Global, Inc., et al.*,
    Case No. 5:15-cv-04981 ...........................................................................................2

*Breuer v. Jim's Concrete of Brevard, Inc.*,
    538 U.S. 691 (2003) .................................................................................................4

*Bulova Watch Co. v. United States*,
    365 U.S. 753 (1961) .................................................................................................4

*Carpenters Pension Tr. for S. Cal. v. Ebbers*,
    299 B.R. 610 (C.D. Cal. 2003) ................................................................................7

*Celotex Corp. v. Edwards*,
    514 U.S. 300 (1995) .................................................................................................8

*Charles Bloom and Sharon Burnstein v. SunEdison, Inc., et al.*,
    Case No. 3:16-cv- 02265-RS .................................................................................3

*Charles Schwab Corp. v. BNP Paribas Sec.*,
    No. C 10-0430 SI, 2011 U.S. Dist. LEXIS 22322
    (N.D. Cal. Feb. 23, 2011) ......................................................................................13

*City of Birmingham Ret. & Relief Fund v. Citigroup, Inc.*,
    No. CV-03-BE-0994-S, 2003 U.S. Dist. LEXIS 14066
    (N.D. Ala. Aug. 12, 2003) .......................................................................................5

*Cobalt Partners, L.P., et al., v. SunEdison, Inc., et al.*,
    No. 3:16-cv-02263-WHA .........................................................................................3

1150357_1

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH    - ii -

**Page**

*Da Silva v. Am. Sav.*,
    145 B.R. 9 (S.D. Tex. 1992) ...........................................................................9

*Eichenholtz v. Brennan*,
    52 F.3d 478 (3d Cir. 1995)...........................................................................10

*The Fair v. Kohler Die & Specialty Co.*,
    228 U.S. 22 (1913) ......................................................................................13

*Fed. Home Loan Bank of San Francisco v. Deutsche Bank Sec.*,
    No. 10-3093 SC, 2010 U.S. Dist. LEXIS 138564
    (N.D. Cal. Dec. 20, 2010) ......................................................................6, 7, 12

*Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*,
    No. C10-0139 RSM, 2010 U.S. Dist. LEXIS 102391
    (W.D. Wash. Sept. 1, 2010) ........................................................................13

*Foster Poultry Farms, Inc. v. IBM Corp.*,
    No. CIV-F-06-0680 AWI SMS, 2006 WL 2769944
    (E.D. Cal. Aug. 1, 2006) ...............................................................................9

*Gaus v. Miles*,
    980 F.2d 564 (9th Cir. 1992) .........................................................................3

*Glenview Capital Partners, L.P. et al. v. SunEdison, Inc. et al.*,
    Case No. 3:16-cv-02264-VC .........................................................................3

*Globus v. Law Research Serv., Inc.*,
    418 F.2d 1276 (2d Cir. 1969)....................................................................9, 10

*Greatamerican Fed. Sav. & Loan Ass'n v. Adcock Excavating, Inc.*,
    No. 89 C 3794, 1990 U.S. Dist. LEXIS 4348
    (N.D. Ill. Apr. 16, 1990) .............................................................................11

*Hendricks v. Detroit Diesel Corp.*,
    No. C-09-3939 EMC, 2009 WL 4282812
    (N.D. Cal. Nov. 25, 2009)............................................................................10

*Ill. Mun. Ret. Fund v. Citigroup, Inc.*,
    No. 03-465-GPM, 2003 U.S. Dist. LEXIS 16255
    (S.D. Ill. Sept. 9, 2003) .................................................................................5

*In re ACI-HDT Supply Co.*,
    205 B.R. 231 (B.A.P. 9th Cir. 1997)...............................................................9

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH          - iii

1

2                                                                                                    **Page**

3

*In re Am. Cont'l Corp.*,
    119 B.R. 216 (D. Ariz. 1990)................................................................................10

*In re Asbestos Litig.*,
    No. CV 01-1790-PA, 2002 WL 649400
    (D. Or. Feb. 1, 2002)....................................................................................9

*In re Drexel Burnham Lambert Grp. Inc.*,
    148 B.R. 982 (Bankr. S.D.N.Y. 1992)...................................................................11

*In re Ecco D'Oro Food Corp.*,
    249 B.R. 300 (Bankr. N.D. Ill. 2000) ..................................................................11

*In re Federal-Mogul Global, Inc.*,
    300 F.3d 368 (3d Cir. 2002)...........................................................................7

*In re Fietz*,
    852 F.2d 455 (9th Cir. 1988) ..........................................................................7

*In re Green*,
    210 B.R. 556 (Bankr. N.D. Ill. 1997) ........................................................10, 11, 12

*In re MF Glob. Holdings Ltd.*,
    515 B.R. 193 (Bankr. S.D.N.Y. 2014) .................................................................12, 15

*In re Pacor, Inc.*,
    110 B.R. 686 (E.D. Pa. 1990) ........................................................................11

*In re Roman Catholic Bishop of San Diego*,
    374 B.R. 756 (Bankr. S.D. Cal. 2007) .................................................................12

*In re Salem Mills, Inc.*,
    148 B.R. 505 (Bankr. N.D. Ill. 1992) ...............................................................10, 11

*In re Videocart, Inc.*,
    165 B.R. 740 (Bankr. D. Mass. 1994) ..................................................................9

*In re Walker*,
    51 F.3d 562 (5th Cir. 1995) ...........................................................................10

*In re Waste Mgmt., Inc., Sec. Litig.*,
    194 F. Supp. 2d 590 (S.D. Tex. 2002) ..................................................................5

*In re Wedtech Corp.*,
    85 B.R. 285 (Bankr. S.D.N.Y. 1988).................................................................11

1

2                                                                                          **Page**

3

4   *In re WorldCom Sec. Litig.*,
       No. 02 Civ. 3288 (DLC) 2003 U.S. Dist. LEXIS 2791
5      (S.D.N.Y. Mar. 3, 2003) ..............................................................................6, 7

6   *Iron Workers Mid-South Pension Fund v. TerraForm Global, Inc., et al.*,
       Case No. 3:16-cv-02270-EMC ...................................................................2

7
    *Kinder v. Wis. Barge Line, Inc.*,
8      69 B.R. 11 (E.D. Mo. 1986)........................................................................5

9   *Laventhol, Krekstein, Horwath & Horwitch*,
       637 F.2d 672 (9th Cir. 1980) ...................................................................10
10

11  *Luther v. Countrywide Fin. Corp.*,
       No. 12-cv-5125 MRP (C.D. Cal. Aug. 31, 2012) .......................................7

12
    *Luther v. Countrywide Home Loans Servicing LP*,
13     533 F.3d 1031 (9th Cir. 2008) .......................................................3, 4, 6, 7

14  *McRae v. Lykes Bros. S.S. Co.*,
       No. 98-3240 SECTION "G", 1998 U.S. Dist. LEXIS 20132
15     (E.D. La. Dec. 22, 1998) .............................................................................5

16  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*,
       456 U.S. 353 (1982).....................................................................................5
17

18  *Mitesh Patel v. TerraForm Global, Inc., et al.*,
       Case No. 3:16-cv-02272-WHA ...................................................................2
19

20  *Odette v. Shearson, Hammill & Co.*,
       394 F. Supp. 946 (S.D.N.Y. 1975)............................................................10

21  *Oklahoma Firefighters Pension and Retirement System v. SunEdison, Inc., et al.*,
       Case No. 3:16-cv-02267-TEH ....................................................................2
22

23  *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*,
       No. SA CV 15-0687-DOC, 2015 U.S. Dist. LEXIS 75355
24     (C.D. Cal. June 10, 2015) ..........................................................................14

25  *Pacor, Inc. v. Higgins*,
       743 F.2d 984 (3d Cir. 1984)......................................................................7, 8
26

27  *Patel v. TerraForm Global, Inc.*,
       No. 5:16-cv-00073-BLF (N.D. Cal. Mar. 3, 2016)....................................14

28

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH                    - v -

**Page**

*Parke v. Cardsystems Sols., Inc.*,
No. C 06-04857 WHA, 2006 U.S. Dist. LEXIS 77241
(N.D. Cal. Oct. 11, 2006) ....................................................................................10, 13

*Plymouth Cty. Ret. Sys. v. Model N, Inc.*,
No. 14-cv-4516-WHO, 2015 U.S. Dist. LEXIS 1104
(N.D. Cal. Jan. 5, 2015) .................................................................................................14

*Pyramid Holdings, Inc. v. Terraform Global, Inc., et al.*,
Case No. 5:15-cv-05068-BLF..........................................................................................2

*Radzanower v. Touche Ross & Co.*,
426 U.S. 148 (1976).....................................................................................................4, 5

*Rajasekaran v. CytRx Corp.*,
No. CV 14-3406-GHK, 2014 U.S. Dist. LEXIS 124550
(C.D. Cal. Aug. 21, 2014) ...............................................................................................3

*Ret. Sys. of Ala. v. J.P. Morgan Chase & Co.*,
285 B.R. 519 (M.D. Ala., 2002) ...................................................................8, 10, 11, 12

*Ret. Sys. of Ala. v. Merrill Lynch & Co.*,
209 F. Supp. 2d 1257 (M.D. Ala. 2002) ........................................................................8

*Ret. Sys. v. WorldCom, Inc.*,
368 F.3d 86 (2d Cir. 2004).............................................................................................6

*Simon Fraser v. TerraForm Global, Inc., et al.*,
Case No. 3:16-cv-02273-LHK..........................................................................................2

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998).........................................................................................................3

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*
447 B.R. 302 (C.D. Cal. 2010) ......................................................................................12

*Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*,
No. 3:03-0128, 2003 U.S. Dist. LEXIS 10266
(M.D. Tenn. May 12, 2003).......................................................................................4, 5, 6

*Thomas v. Global Vision Prods.*,
No. C 08-5581, 2009 U.S. Dist. LEXIS 27486
(N.D. Cal. Mar. 20, 2009)........................................................................................13, 15

1150357_1

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH          - vi -

1

2                                                                                    **Page**

3
*Wise v. Travelers Indem. Co.*,
4      192 F. Supp. 2d 506 (N.D. W. Va. 2002) ...................................................................9

5

6

7    **STATUTES, RULES AND REGULATIONS**

8
     11 U.S.C.
9          §362(a) ......................................................................................................................2
           §502 (e)(1) ..............................................................................................................11
10         §502 (e)(1)(B) .........................................................................................................11

11   15 U.S.C.
           §77p(c) ......................................................................................................................3
12         §77v ......................................................................................................................2, 6
           §77v(a) ......................................................................................................................3
13         §77z-1 .....................................................................................................................13

14   28 U.S.C.
15         §1334(b) ..............................................................................................................2, 4, 5
           §1452 ..................................................................................................................*passim*
16         §1452(a) ..............................................................................................................1, 2, 15
           §1452(b) ................................................................................................................12, 15

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH              - vii -

1

**NOTICE OF MOTION AND MOTION**

2

TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that, on August 10, 2016, at 9 a.m., before the Honorable Phyllis J.

4 Hamilton, Plaintiffs Omega Capital Investors, L.P., Omega Capital Partners, L.P., Omega Equity

5 Investors, L.P. and Omega Overseas Partners, Ltd. ("Plaintiffs" or "Omega") will move pursuant to

6 28 U.S.C. §§1452(a), 1452(b), and 1447(c) to remand this action to the Superior Court of the State

7 of California, County of San Mateo ("San Mateo Superior Court").  This motion is based on this

8 Notice of Motion and Motion and supporting Memorandum, the Declaration of Jennifer N. Caringal

9 Support and accompanying exhibits ("Caringal Decl."), the proposed order, all pleadings and papers

10 on file with the Court, any oral argument of counsel at the hearing, and any additional matters

11 submitted at the hearing.

12

**ISSUE TO BE DECIDED**

13

1.      Should this case be remanded to the Superior Court of California, San Mateo County,

14 because removal is barred by the Securities Act of 1933, the claims asserted are unrelated to any

15 bankruptcy, or equitable grounds warrant remand?

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH          - viii -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Omega Capital Investors, L.P., Omega Capital Partners, L.P., Omega Equity Investors, L.P. and Omega Overseas Partners, Ltd. ("Plaintiffs") commenced this securities action in San Mateo Superior Court on March 30, 2016 ) (the "Action"). Dkt. No. 1-1.  On April 26, 2016, Defendants[1] improperly removed to this Court under 28 U.S.C. §1452(a), which only authorizes removal of claims "related to" bankruptcy proceedings.  As explained below, the claims in this action are not "related to" any bankruptcy proceedings, and, in any event, the Securities Act of 1933 ("1933 Act") bars removal.  Moreover, even if related and not barred, equity would still warrant remand.  Accordingly, Plaintiffs respectfully request that the Court grant this motion and remand this action to San Mateo Superior Court.

## II.   BACKGROUND

The Action seeks to recover losses Plaintiffs suffered in connection with their purchases of SunEdison, Inc. ("SunEdison") and TerraForm Global, Inc. ("TerraForm Global") securities pursuant to various offerings completed between June 2015 and August 2015.  ¶¶1, 107.[2] Plaintiffs allege that SunEdison told investors that it had sufficient existing sources of capital to acquire and develop renewable energy projects at levels to support dividend and growth estimates that Defendants disseminated, while omitting material facts, including that at the time of the offerings: (i) SunEdison's liquidity position and borrowing capacity had deteriorated significantly; (ii) SunEdison had breached debt covenants in one of its borrowing agreements, requiring the

---

[1]      The defined "Defendants" are: SunEdison, Inc., TerraForm Global, Inc. Ahmad Chatila, Brian Wuebbels, Carlos Domenech Zornoza, Martin Truong, Jeremy Avenier, Alejandro Hernandez, Emmanuel Hernandez, Antonio R. Alvarez, Peter Blackmore, Clayton Daley Jr., Georganne Proctor, Steven Tesoriere, James B. Williams, Randy H. Zwirn, Goldman, Sachs & Co., J.P. Morgan Securities LLC, Barclays Capital Inc., Citigroup Global Markets Inc., Morgan Stanley & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Deutsche Bank Securities Inc., BTG Pactual US Capital LLC, Macquarie Capital (USA), Inc., MCS Capital Markets LLC and Does 1-25, inclusive.

[2]      "¶__" refers to paragraphs in Plaintiffs' Complaint for Violations of the Securities Act of 1993 and State Law (the "Complaint"), attached as Exhibit 1 to Defendants' Notice of Removal (Dkt. No. 1).

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH                    - 1 -

1   company to post hundreds of millions of dollars in collateral; and (iii) SunEdison had, out of

2   desperation, borrowed $169 million at an effective interest rate of 15%.  ¶3.

3       The Complaint asserts three non-removable causes of action pursuant to the 1933 Act and

4   four state law causes of action based on untrue statements of material fact in and omissions of

5   material facts from the offering materials issued in connection with various offerings by SunEdison

6   and TerraForm Global between June and August 2015.  ¶¶135, 164, 176, 181, 208, 223 and 236. [3]

7       On April 21, 2016, SunEdison filed a voluntary petition for bankruptcy in the United States

8   Bankruptcy Court for the Southern District of New York ("SunEdison Bankruptcy Case").  Dkt.

9   No. 1, ¶13.  All proceedings against SunEdison are thus stayed pursuant to 11 U.S.C. §362(a).

10      Although §22 of the 1933 Act (15 U.S.C. §77v) expressly bars removal of an action brought

11  in state court pursuant to the 1933 Act, on April 26, 2016, Defendants improperly removed this

12  Action to the Northern District of California.  Defendants' Notice of Removal claims that this Action

13  is "related to" the SunEdison Bankruptcy Case under 28 U.S.C. §1452(a), and that this Court has

14  original jurisdiction pursuant to 28 U.S.C. §1334(b).  Dkt. No. 1, ¶1.

15      On May 9, 2016, Defendants sought to relate this Action to ten other actions that ostensibly

16  concerned SunEdison's bankruptcy.  The Court granted Defendants' motion to relate seven of the

17  eleven cases.[4]  This Action was not related to those seven cases.  An unopposed motion to relate this

---

[3]     Plaintiffs assert these causes of action against SunEdison, TerraForm Global, Inc. ("TerraForm Global"), certain officers and directors of both entities, the placement agents for TerraForm Global's Class D securities offering and the underwriters for the various offerings.

[4]     Order Granting in Part and Denying in Part Defendant TerraForm Global, Inc.'s Administrative Motion to Consider Whether Cases Should Be Related.  Dkt. No. 27.  The following actions were related: *Oklahoma Firefighters Pension and Retirement System v. SunEdison, Inc., et al.*, Case No. 3:16-cv-02267-TEH; *Anton S. Badri v. TerraForm Global, Inc., et al.*, Case No. 3:16-cv-02269-WHO; *Iron Workers Mid-South Pension Fund v. TerraForm Global, Inc., et al.*, Case No. 3:16-cv-02270-EMC; *Mitesh Patel v. TerraForm Global, Inc., et al.,* Case No. 3:16-cv-02272-WHA; *Simon Fraser v. TerraForm Global, Inc., et al.*, Case No. 3:16-cv-02273-LHK; *Beltran v. TerraForm Global, Inc., et al.*, Case No. 5:15-cv-04981; *Pyramid Holdings, Inc. v. Terraform Global, Inc., et al.*, Case No. 5:15-cv-05068-BLF.

1150357_1

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH                           - 2 -

1    case with three other removed cases is pending in *Cobalt Partners, L.P.*, *et al., v. SunEdison, Inc., et*

2    *al.*, No. 3:16-cv-02263-WHA.[5]

3    **III.    ARGUMENT**

4           District courts are courts of limited jurisdiction, and thus, in every case, "'the first and

5    fundamental question is that of jurisdiction.'"  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,

6    94 (1998).  Removal is disfavored.  *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d

7    1031 (9th Cir. 2008).[6]  "The 'strong presumption' against removal jurisdiction means that the

8    defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles*, 980 F.2d

9    564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right

10   of removal in the first instance."  *Id.*

11          **A.    Removal of this Action is Expressly Prohibited Under the 1933 Act**

12          The plain language of the 1933 Act, as amended by the Securities Litigation Uniform

13   Standards Act of 1998 ("SLUSA"), expressly prohibits removal:  "no case arising under this

14   subchapter and brought in any State court of competent jurisdiction shall be removed to any court of

15   the United States."  15 U.S.C. §77v(a).  Section 22(a) is a specific statutory provision of the 1933

16   Act that bars removal of 1933 Act actions.  The ***only*** exception to this express removal bar applies to

17   certain class actions and is not relevant here.  15 U.S.C. §77p(c); *see Rajasekaran v. CytRx Corp.*,

18   No. CV 14-3406-GHK (PJWx), 2014 U.S. Dist. LEXIS 124550, at *8 (C.D. Cal. Aug. 21, 2014)

19   ("[O]nly covered class actions based upon state law . . . can be removed to federal court. . . .

20   Nothing in the plain language of the statute suggests that SLUSA created any other basis for removal

21   beyond this narrow exception . . ..").  This Action is not a class action.  Section 22(a)'s express

22   removal bar requires remand.

23          Notwithstanding §22(a)'s express prohibition on removal, Defendants assert that §1452's

24   broad grant of removal power – which applies to any action arising in or related to bankruptcy –

25

---

26   [5]      The other two cases are *Glenview Capital Partners, L.P. et al. v. SunEdison, Inc. et al.*, Case
     No. 3:16-cv-02264-VC and *Charles Bloom and Sharon Burnstein v. SunEdison, Inc., et al.*, Case No.
27   3:16-cv- 02265-RS.

28   [6]      All emphasis added and citations and footnotes omitted unless otherwise indicated.

1150357_1

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH          - 3 -

provides for removal of this Action. Dkt. No. 1, ¶¶30-31. Under §1452, an action may be removed if it is "related to" a pending bankruptcy action. As a result, Defendants assert that this Court has original jurisdiction over this Action pursuant to 28 U.S.C. §1334(b). Dkt. No. 1, ¶1.

However, "'[i]t is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum.'" *Luther*, 533 F.3d at 1034 (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976)). Thus, removal is improper where a specific non-removal statute is applicable, for "[w]hen Congress has 'wished to give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms.'" *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003).

In *Luther*, defendants removed an action alleging 1933 Act claims to federal court under the Class Action Fairness Act of 2005 ("CAFA"), despite §22(a)'s express bar on removal. 533 F.3d at 1032-33. As contrasted with CAFA's general removal grant, the Ninth Circuit held that "the Securities Act of 1933 is the more specific statute; it applies to the narrow subject of securities cases and §22(a) more precisely applies only to claims arising under the Securities Act of 1933." *Id*. at 1034. Since CAFA applied to a "'generalized spectrum'" of class actions, §22(a)'s specific prohibition on removal resulted in the non-removal provision prevailing over CAFA's removal provision, leading the Ninth Circuit to affirm the district court's remand. *Id*. This analysis applies with equal force here with respect to §1452.

Section 22(a) is a more specific statute than §1452, and its non-removal provision prevails over §1452's general removal provision. *Tenn. Consol. Ret. Sys. v. Citigroup, Inc*., No. 3:03-0128, 2003 U.S. Dist. LEXIS 10266 (M.D. Tenn. May 12, 2003) is instructive. There, an action asserting 1933 Act claims was filed in a Tennessee state court. Likewise here, defendants removed the action under §1334(b)'s federal bankruptcy jurisdiction statute and §1452's bankruptcy removal statute. *Id*. at *3. Recognizing the tension between §22(a)'s express non-removable provision and the general removal provisions of §§1334(b) and 1452, the district court noted the Supreme Court's holding that "'a specific statute controls over a general one without regard to priority of enactment.'" *Id*. at *7-*8 (quoting *Bulova Watch Co. v. United States*, 365 U.S. 753, 758 (1961)). Given that §22(a) "is a

1150357_1

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH          - 4 -

1   clear statutory prohibition" on removal, the district court found that the "relevant rule of statutory

2   construction requires that Section 22(a), as amended, control over 28 U.S.C. §§1334(b) and 1452,

3   general statutes." *Id*. at *10.

4           District courts around the country have similarly concluded that §22(a)'s specific removal

5   prohibition trumps the general removal provisions of §1452. *See, e.g.*, *Ill. Mun. Ret. Fund v.*

6   *Citigroup, Inc.*, No. 03-465-GPM, 2003 U.S. Dist. LEXIS 16255, at *6 (S.D. Ill. Sept. 9, 2003)

7   ("[T]he rules of statutory construction require Section 22(a) to control over the more general

8   provisions of 28 U.S.C. §§1334(b) and 1452. . . . The only way to give effect to the legislative intent

9   behind its enactment is to construe it as a bar to removal . . . ."); *City of Birmingham Ret. & Relief*

10  *Fund v. Citigroup, Inc.*, No. CV-03-BE-0994-S, 2003 U.S. Dist. LEXIS 14066, at *8-*9 (N.D. Ala.

11  Aug. 12, 2003) (same); *Ariail Drug Co., Inc. v. Lease Partners Corp.*, No. CIV. A. 96-G-0708-S,

12  1996 WL 1060890, at *5 (N.D. Ala. May 23, 1996) ("This case is nonremovable by force of statute

13  and is also due to be remanded in the best interest of justice and equity.").[7]

14          Even if §22(a) were not more specific than §1452, §22(a)'s bar on removal prevails for a

15  separate reason – it was the later enacted statute. *Radzanower*, 426 U.S. at 153 (where two statutes

16  are in irreconcilable conflict, courts must give effect to the most recently enacted statute as it is the

17  most recent indication of congressional intent). Section 22(a)'s express prohibition on removal was

18  originally enacted in 1933. However, §22(a) was revamped in 1998 in order to carve out an express

19  exception to §22(a)'s prohibition on removal. *Tenn.*, 2003 U.S. Dist. LEXIS 10266, at *9. The

20  changes to §22(a) implicated only class actions, leaving §22(a)'s non-removal mandate intact. *Id*. at

21  *9-*10. Congress's "comprehensive reexamination and significant amendment" to an existing law

22  "is itself evidence that Congress affirmatively intended to preserve [it]." *Merrill Lynch, Pierce,*

23  *Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 381-82 (1982); *see also In re Waste Mgmt., Inc., Sec.*

24  *Litig.*, 194 F. Supp. 2d 590, 596 (S.D. Tex. 2002) ("there is no express statement by Congress that it

25

---

26  [7]       Courts have repeatedly rejected attempts at removing cases under §1452 in the face of other
    more specific statutes expressly prohibiting removal. *See, e.g.*, *Kinder v. Wis. Barge Line, Inc.*, 69
27  B.R. 11, 12 (E.D. Mo. 1986) (express nonremoval provision of Jones Act overrides claim of "related
    to" jurisdiction under §1452); *McRae v. Lykes Bros. S.S. Co.*, No. 98-3240 SECTION "G", 1998
28  U.S. Dist. LEXIS 20132, at *4 (E.D. La. Dec. 22, 1998) (same).

1150357_1

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH         - 5 -

1   was modifying the traditional rule prohibiting removal of cases brought under the 1933 Act"). As a

2   result, the district court in *Tenn.* found that §22(a) controlled over §1452, which was enacted

3   fourteen years prior to the 1998 amendments to §22. *Id.* at *10.[8]

4         Defendants rely on the Second Circuit's decision in *WorldCom*, 368 F.3d at 108 to contend

5   that §22(a) does not bar removal of this Action. Dkt. No. 1, ¶31. However, what is clear from the

6   Ninth Circuit's holding in *Luther* and the Second Circuit's holding in *WorldCom* is that the two

7   Circuits have taken different approaches in determining whether one statute is more specific than

8   another. In *WorldCom*, the Second Circuit found that both §22(a) and §1452 cover a defined class of

9   claims, with neither statute covering a subset of claims covered by the other. 368 F.3d at 102.

10   Because §22(a) applies to many claims that are not "'related to'" a bankruptcy and thus did not apply

11   to a subset of §1452, the Second Circuit held §22(a) was not any more specific than §1452. *Id.*

12   Thus, in the view of the Second Circuit, a specific statute can only prevail over a general statute

13   where the specific statute is a subset of the general statute. By contrast, four years after *WorldCom*,

14   the Ninth Circuit in *Luther* took a different approach. It was not relevant to the Ninth Circuit that

15   §22(a) was not a subset of CAFA. Instead, the Ninth Circuit held that §22(a) specifically only

16   applies to claims arising under the 1933 Act, whereas CAFA applies to a "'generalized spectrum'"

17   of class actions. *Luther*, 533 F.3d at 1034. Because §22(a) is the more specific statute, it prevailed

18   over CAFA's removal provision. *Id.*

19         It is for this reason that Defendants' reliance on *Fed. Home Loan Bank of San Francisco v.*

20   *Deutsche Bank Sec.* ("*FHLB*"), No. 10-3093 SC, 2010 U.S. Dist. LEXIS 138564 (N.D. Cal. Dec. 20,

21   2010) is misplaced. In *FHLB*, the Court acknowledged the conflict between §22(a) and §1452 and

22   the conflicting authorities amongst various district courts. *Id.* at *16-*17. Ultimately, the Court in

23   *FHLB*, however, chose not to follow the Ninth Circuit's decision in *Luther*, summarily dismissing it

24

---

25   [8]     The court in *Tenn.* rejected Judge Cote's decision *In re WorldCom Sec. Litig.*, No. 02 Civ.
3288 (DLC) 2003 U.S. Dist. LEXIS 2791 (S.D.N.Y. Mar. 3, 2003), which held that because §1452

26   was enacted decades after §22(a)'s initial enactment in 1933, Congress could have included an
exception to incorporate 1933 Act claims, but did not. *Tenn.*, 2003 U.S. Dist. LEXIS 10266, at *10

27   n.2. The district court in *Tenn.* correctly held that the 1998 amendments to the 1933 Act was the
relevant guidepost in comparison with §1452, not the 1933 version. *Cf. Cal. Pub. Emps.' Ret. Sys. v.*

28   *WorldCom, Inc.*, 368 F.3d 86, 104-05 (2d Cir. 2004).

because it dealt with §22(a)'s interplay with CAFA as opposed to §22(a)'s interplay with §1452. 533 F.3d at 1031.  For purposes of the Ninth Circuit's statutory construction analysis, this is a distinction without a difference.  The relevant point here is that *FHLB* overlooks the difference in analysis in this Circuit as compared to the Second Circuit when dealing with the doctrine of specificity.  *FHLB* thereby provides little help to Defendants.  2010 U.S. Dist. LEXIS 138564, at *17-*18.[9]  In the Ninth Circuit a "general grant of the right of removal . . . does not trump §22(a)'s specific bar to removal of cases arising under the Securities Act of 1933."  *Luther*, 533 F.3d at 1034.

**B.      This Action Is Not "Related To" the Bankruptcy Proceeding**

Even if §22(a)'s express non-removal provision did not apply here, which it does, this Action is not as Defendants contend, "related to" the SunEdison Bankruptcy Case.  The Ninth Circuit has adopted the Third Circuit's test in determining whether an action is "related to" a bankruptcy proceeding.  *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting the Third Circuit's formulation of "related to" as set forth in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).  That is, "'[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'"  *Id*.

The "test articulated in *Pacor* for whether a lawsuit could 'conceivably' have an effect on the bankruptcy proceeding inquires whether the allegedly related lawsuit would affect the bankruptcy proceeding without the intervention of yet another lawsuit."  *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 382 (3d Cir. 2002).  Thus, "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does ***not*** bring the matter within the scope of [federal bankruptcy jurisdiction]."  *Pacor*, 743 F.2d at 994.  For good reason, "a

---

[9]      Similarly, in its order denying plaintiffs' motion to remand in *Luther v. Countrywide Fin. Corp.*, No. 12-cv-5125 MRP (MANx), Order Re: Plaintiffs' Motion to Remand (C.D. Cal. Aug. 31, 2012) ("*Luther II*") (Caringal Decl., Exhibit 1), the court in *Luther II* latched on to the Second Circuit's decision in *WorldCom* without recognizing the stark difference in analysis between the Second Circuit and the Ninth Circuit's approach in *Luther*.  *Luther II* at 4-5.  Instead, Judge Pfaelzer discounted *Luther* since it concerned CAFA and not §1452.  *Luther II* at 4-5.  Defendants' reliance on *Carpenters Pension Tr. for S. Cal. v. Ebbers*, 299 B.R. 610 (C.D. Cal. 2003) is also misplaced, which was decided prior to the Ninth Circuit's decision in *Luther* and therefore inapt.

1    bankruptcy court's 'related to' jurisdiction cannot be limitless." *Celotex Corp. v. Edwards*, 514 U.S.

2    300, 308 (1995).

3         While *Pacor* gave a fairly broad reading to "related to" jurisdiction, the Third Circuit in its

4    opinion in fact concluded that the district court had properly remanded the case due to the lack of

5    subject matter jurisdiction, and for reasons which are applicable to, if not dispositive of, this motion.

6    743 F.2d at 994-95.  In *Pacor*, the defendant brought a third party complaint against the Johns

7    Manville Corporation which thereafter filed for Chapter 11 protection.  Defendant removed the case

8    on related to jurisdictional grounds and in affirming the decision to remand the matter, the Third

9    Circuit held that Pacor's contingent claims for indemnification did not trigger related to jurisdiction.

10   First, it noted, the plaintiff would have to succeed on its claims and only then could the defendant

11   bring a claim against the debtor for indemnification.  However, because of the bankruptcy stay the

12   debtor was not a party to the suit and so the court hearing the case "could not determine any rights,

13   liabilities or course of action of the debtor."  *Id.* at 995.  A second litigation would be needed to

14   determine the merits of the indemnification type claims.

15        The actual holding in *Pacor* is that in a case between non-debtors federal courts cannot

16   exercise related to jurisdiction based on the fact that the defendant has potential indemnification type

17   claims against a debtor.  A second judicial proceeding would be needed to establish whether these

18   claims have merit and according to *Pacor* this means that there is no federal jurisdiction over the

19   pending state court action.

20        Here, Defendants premise "related to" jurisdiction on no more than speculative claims of

21   indemnification (Dkt. No. 1, ¶¶19, 27-29), contribution (Dkt. No. 1, ¶¶19-24), and insurance

22   coverage (Dkt. No. 1, ¶¶19, 25).  Indeed, under Defendants' read, ***any*** potential claim by ***any*** party

23   against ***any*** debtor, no matter how speculative, unliquidated, or immaterial, would warrant removal

24   to federal court.  This is not the law.

25        As many courts have explained, in the securities litigation context, potential indemnification

26   and contribution claims generally do not support "'related to'" jurisdiction because they are "at best,

27   a precursor to further litigation over the indemnity agreement."  *Ret. Sys. of Ala. v. J.P. Morgan*

28   *Chase & Co.*, 285 B.R. 519, 527 (M.D. Ala., 2002); *see also Ret. Sys. of Ala. v. Merrill Lynch &*

1   *Co.*, 209 F. Supp. 2d 1257, 1264, 1266 (M.D. Ala. 2002) ("*Ret. Sys. of Ala. II*") (collecting cases);

2   *Wise v. Travelers Indem. Co.*, 192 F. Supp. 2d 506, 514-17 (N.D. W. Va. 2002); *In re Asbestos*

3   *Litig.*, No. CV 01-1790-PA, 2002 WL 649400, at *4 (D. Or. Feb. 1, 2002); *Armstrong v. Honeywell*

4   *Int'l, Inc.*, 198 F. Supp. 2d 899, 900 (S.D. Tex. 2002); *In re Videocart, Inc.*, 165 B.R. 740, 744

5   (Bankr. D. Mass. 1994); *Da Silva v. Am. Sav.*, 145 B.R. 9, 12 (S.D. Tex. 1992).  Just so here.  The

6   validity of Defendants' purported indemnification agreements depend on a host of wholly untested

7   findings - at bottom, fact-specific issues of contract formation and scope – that in turn must depend

8   on as of yet uninitiated litigation, separate and apart from this action.  Because these necessary

9   predicate findings remain unsubstantiated, Defendants' purported indemnification agreements do not

10  establish jurisdiction under §1452.  *See, e.g.*, *In re ACI-HDT Supply Co.*, 205 B.R. 231, 237-38

11  (B.A.P. 9th Cir. 1997) (no related to jurisdiction because "no evidentiary record was developed to

12  indicate what effect the state law claims might have on [the] bankruptcy estate"); *Foster Poultry*

13  *Farms, Inc. v. IBM Corp.*, No. CIV-F-06-0680 AWI SMS, 2006 WL 2769944, at *9 (E.D. Cal.

14  Aug. 1, 2006) ("In examining whether jurisdiction exists, the removing party must provide some

15  evidence that there is a nexus between the case and the bankruptcy estate."); *In re Asbestos Litig.*,

16  No. CV 01-1790-PA, 2002 WL 649400, at *4 (D. Or. Feb. 1, 2002) ("Defendants, who have the

17  burden of establishing jurisdiction . . . with . . . factual support . . . speculative, theoretical claims are

18  not sufficient to show 'related to' bankruptcy jurisdiction.").

19          But even if Defendants' construction of the agreements proved correct, that would render the

20  contracts illegal and thus unenforceable.  In the seminal opinion *Globus v. Law Research Serv., Inc.*,

21  418 F.2d 1276 (2d Cir. 1969), the Second Circuit held that allowing an underwriter, or any other

22  defendant, to enforce such an indemnity agreement would violate the public policy underlying the

23  securities laws, explaining as follows:

24              Civil liability under section 11 and similar provisions was designed not so
                much to compensate the defrauded purchaser as to promote enforcement of the Act

25              and to deter negligence by providing a penalty for those who fail in their duties.  And
                Congress intended to impose a "high standard of trusteeship" on underwriters . . .

26              [u]nderwriters who knew they could be indemnified simply by showing that the
                issuer was "more liable" than they (a process not too difficult when the issuer is

27              inevitably closer to the facts) would have a tendency to be lax in their independent
                investigations.  Cases upholding indemnity for negligence in other fields are not

28

1150357_1

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH          - 9 -

1    necessarily apposite. The goal in such cases is to compensate the injured party. But the [1933] Act is more concerned with prevention than cure.

*Id*. at 1288-89. *Globus* has been consistently followed throughout the federal courts, including the Ninth Circuit. *See, e.g.*, *Laventhol, Krekstein, Horwath & Horwath v. Horwitch*, 637 F.2d 672, 676 (9th Cir. 1980) (denying indemnity for 1933 Act violations, "permitting indemnity would undermine the statutory purpose of assuring diligent performance of duty and deterring negligence"); *see also Eichenholtz v. Brennan*, 52 F.3d 478, 485 (3d Cir. 1995) (finding contractual indemnifications for negligence claims against the policy of the federal securities statutes) (citing cases); *Odette v. Shearson, Hammill & Co.*, 394 F. Supp. 946, 957 (S.D.N.Y. 1975) (denying indemnity for negligent-type violations).

    Further, even were the indemnification agreements themselves valid and enforceable, the validity of any purported claim thereunder would still depend on numerous unresolved factual findings, *e.g.*, whether Defendants contributed any "untrue statements or omission(s)" incorporated into the Offering Documents, *see, e.g.*, Dkt. No. 1-3 at 19 (*Underwriting Agreement*, Section 9(a), "Indemnification and Contribution"), and thus could not suffice under §1452. *See Ret. Sys. of Ala.*, 285 B.R. at 524, at *17.[10] And even if assumed valid, Defendants' potential claims would only affect the **allocation** of assets among competing creditors among **that class of creditors**, not the size of the asset pool. *In re Green*, 210 B.R. 556, 559 (Bankr. N.D. Ill. 1997) (citing *In re Salem Mills, Inc.*, 148 B.R. 505, 508 (Bankr. N.D. Ill. 1992)). Only where the indemnitor holds "property of the estate against which liability can be offset does the action unquestionably impact the assets of the estate." *Salem Mills*, 148 B.R. at 508. Here, Defendants have made no such showing.[11]

---

[10]    Similarly, any contribution claim would remain wholly contingent on, *inter alia*, a finding of liability. *See, e.g.*, *In re Am. Cont'l Corp.*, 119 B.R. 216, 218-19 (D. Ariz. 1990); *accord In re Walker*, 51 F.3d 562 (5th Cir. 1995) (rejecting "related to" jurisdiction on contribution claim).

[11]    Defendants rely on other plainly distinguishable authority. Dkt. No. 1, ¶27. In *Parke v. Cardsystems Sols., Inc.*, one of the defendants actually filed as creditor in the debtor bankruptcy proceeding, "demonstrating [a clear] vested interest in the available assets of the estate." No. C 06-04857 WHA, 2006 U.S. Dist. LEXIS 77241, at *10 (N.D. Cal. Oct. 11, 2006). And in *Hendricks v. Detroit Diesel Corp.*, it was undisputed that the debtor agreed indemnify and in fact had already paid for defendant's counsel. No. C-09-3939 EMC, 2009 WL 4282812, at *5 (N.D. Cal. Nov. 25, 2009). Here, Defendants have made no similar showing.

1150357_1

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH    - 10 -

1    Further still, even if Defendants' potential indemnification agreements and claims thereunder

2    were valid, enforceable, and could affect the size, not mere allocation, of the estate, any such claims

3    would still be immaterial – at most millions of dollars plus defense costs – to the SunEdison

4    bankruptcy estate, which according to its bankruptcy petition had as of September 30, 2015, $20.7

5    billion in assets and $16.1 billion in liabilities.  *See* SunEdison Bankruptcy Petition (Caringal Decl.,

6    Ex. 2).  Defendants are among the largest creditors of the ***unsecured*** creditors class.  *Id.*  Since

7    unliquidated indemnity claims are ***not*** secured by property of the estate and in any event *de minimis*,

8    *see Green*, 210 B.R. at 559, they do not warrant jurisdiction under §1452.  *See Ret. Sys. of Ala.*, 285

9    B.R. at 524, 526.

10    Yet, even assuming Defendants' claims were substantiated, legal, and material, they would

11    be disallowed under 11 U.S.C. §502(e)(1)(B) of the Bankruptcy Code.  Section 502(e)(1)(B) states

12    that the bankruptcy court "shall disallow any claim for reimbursement or contribution" that "is

13    contingent."  11 U.S.C. §502 (e)(1), (e)(1)(B).  In other words, Defendants would need to both await

14    a perfected judgment against them ***and pay it*** before they can turn to SunEdison for remuneration.

15    *In re Drexel Burnham Lambert Grp. Inc.*, 148 B.R. 982, 987 (Bankr. S.D.N.Y. 1992).  The relevant

16    section automatically disallows reimbursement, indemnity, or contribution claims that are contingent

17    at the time of disallowance.  *The Aetna Cas. & Sur. Co. v. Ga. Tubing Corp.*, 93 F.3d 56, 57 (2d Cir.

18    1996).  This means that "[n]o payment can be made to a principal creditor [*i.e.*, defendants] by one

19    secondarily liable [SunEdison] until liability has been determined."  *In re Pacor, Inc.*, 110 B.R. 686,

20    689 (E.D. Pa. 1990).  This is because "the causes of action in the underlying lawsuit assert claims

21    upon which, if proven, the debtor could be liable."  *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr.

22    S.D.N.Y. 1988).  As such, Defendants have "'no right to share in the distribution of the debtor's

23    assets until such time as the creditor's claim shall have been paid in full.'"  *In re Pacor*, 110 B.R. at

24    690; *see also Greatamerican Fed. Sav. & Loan Ass'n v. Adcock Excavating, Inc.*, No. 89 C 3794,

25    1990 U.S. Dist. LEXIS 4348, at *7 (N.D. Ill. Apr. 16, 1990) (indemnity claims disallowed unless

26    obligation upon which contribution is sought has been paid); *In re Ecco D'Oro Food Corp.*, 249

27    B.R. 300, 302 (Bankr. N.D. Ill. 2000) (claim not allowed until underlying creditor is paid by party

28    seeking contribution).

1    For many of these same reasons, potential legal fees do not support "'related to'" jurisdiction.

2   *See Ret. Sys. of Ala.*, 285 B.R. at 524.  The proceeds of a purported D&O insurance policy are not

3   property of the estate.  *In re MF Glob. Holdings Ltd.*, 515 B.R. 193, 203 (Bankr. S.D.N.Y. 2014)

4   ("when a policy 'provides the debtor with indemnification coverage but indemnification either has

5   not occurred, is hypothetical, or speculative, the proceeds are not property of the bankruptcy

6   estate'").  Defendants' entitlement to legal fees under any such policy depends on wholly unresolved

7   questions of fact, *e.g.*, whether Defendants are responsible for misrepresentations in the Offering

8   Documents.[12]   And even if so entitled, the amount of any legal fees would be immaterial to

9   SunEdison's bankruptcy estate.  *See Green*, 210 B.R. at 559.

10    Finally, Defendants cannot premise "related to" jurisdiction upon SunEdison's

11   responsibilities to or ownership interest in TerraForm Global because, for the purposes of

12   jurisdiction here, there is no "identity of interests" between the two.  *Cf.* Dkt. No. 1, ¶26.  An

13   "identity of interests" can only exist in "a suit against a third-party who is entitled to ***absolute***

14   ***indemnity*** by debtor."  *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).  Here, there

15   is no "absolute" indemnity by the SunEdison, and thus no "'related to'" jurisdiction under §1452.

16   *Ret. Sys. of Ala.*, 285 B.R. at 524, 529.

17    **C.    Equitable Grounds Require Remand Under 28 U.S.C. §1452(b)**

18    Regardless of whether §1452 trumps §22(a), which it does not, or even if this Action is

19   "related to" the SunEdison Bankruptcy Case, which it is not, this Court should remand this Action

20   under §1452's equitable grounds.[13]

21    Under §1452 the Court "may remand such claim or cause of action on any equitable ground."

22   28 U.S.C. §1452(b).  Section 1452(b) affords "an unusually broad grant of authority."  *In re Roman*

23
_____

24   [12]    Defendants' cited authority is inapposite.  In *Stichting Pensioenfonds ABP v. Countrywide
     Fin. Corp.* and similar cases (*see* Dkt. No. 1, ¶29), Defendants were parties to mortgage-backed

25   security actions wherein partial originators of underlying loans had indisputably agreed to cover
     "'any loss[],'" a right to that "arose immediately upon the filing" and thus did not, as here, depend

26   on disputed issues of fact or the filing of "another separate lawsuit."  *See*, *ABP*, 447 B.R. 302, 309
     (C.D. Cal. 2010).

27   [13]    *See, e.g.*, *FHLB*, 2010 U.S. Dist. LEXIS 138564, at *33-*37 (Judge Conti remanding on

28   equitable grounds after finding action was "related to" bankruptcy proceeding).

1    *Catholic Bishop of San Diego*, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007); *see also Cardsystems*,

2    2006 U.S. Dist. LEXIS 77241 (identifying non-exclusive list of factors in determining remand on

3    equitable grounds).

4         As discussed above, this Action will have no direct effect on the bankruptcy estate.  The

5    Action is stayed as to SunEdison, and the remaining entities and/or individuals are all non-debtors.

6    This Action does not involve any "core" bankruptcy matters – which Defendants do not contest –

7    and thus, the connection to the New York bankruptcy proceedings is remote.  Dkt. No. 1 at ¶32; *see*

8    *Charles Schwab Corp. v. BNP Paribas Sec.*, No. C 10-0430 SI, 2011 U.S. Dist. LEXIS 22322,

9    at *14 (N.D. Cal. Feb. 23, 2011).  Thus, even if the Court were to conclude that the action is

10   technically "related to" the bankruptcy proceeding (plaintiffs dispute that it is, as discussed above),

11   any relationship with the proceeding would be exceedingly weak.  This alone supports remand under

12   equitable grounds.  *See Cardsystems*, 2006 U.S. Dist. LEXIS 77241, at *13-*14 ("effect of the action

13   on the administration of the bankruptcy estate" and "relatedness or remoteness of the action to the

14   bankruptcy case" are factors supporting equitable remand); *see also Fed. Home Loan Bank of Seattle*

15   *v. Barclays Capital, Inc.*, No. C10-0139 RSM, 2010 U.S. Dist. LEXIS 102391, at *20 (W.D. Wash.

16   Sept. 1, 2010) ("***Any one*** of the seven relevant factors may provide a sufficient basis for equitable

17   remand.").

18        Equitable remand is further supported by the prejudice that would result from depriving

19   plaintiffs of their chosen forum and subjecting them to the delays that will result from maintaining

20   this action in federal court.  *See Cardsystems*, 2006 U.S. Dist. LEXIS 77241, at *13 ("prejudice to

21   the party involuntarily removed from state court" may support equitable remand); *Thomas v. Global*

22   *Vision Prods.*, No. C 08-5581, 2009 U.S. Dist. LEXIS 27486 at *5 (N.D. Cal. Mar. 20, 2009) (delay

23   in proceedings factored into warranting remand); *see also The Fair v. Kohler Die & Specialty Co.*,

24   228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon

25   and therefore does determine whether he will bring a 'suit'").

26        This action can and will proceed more rapidly in state court, where the action is not subject to

27   the discovery stay or other procedural requirements and delays imposed under the Private Securities

28   Litigation Reform Act, 15 U.S.C. §77z-1.  Moreover, Defendants have acknowledged that removal

1   to federal court was merely the first of a series of tactical maneuvers they intend to take to maneuver

2   this case from Plaintiffs' chosen forum to *their* desired forum in the Southern District of New York,

3   where they hope to take further tactical actions to force this and other cases to be coordinated with

4   the unrelated proceedings in the bankruptcy court.[14]  Defendants still have yet to file their motion to

5   transfer this case to the Southern District of New York.[15]  Dkt. No. 28 at 4.

6          Defendants have already delayed briefing on dispositive motions in this case and attempted

7   to do so in two other cases as well.  Defendants' tactical objective appears to be to delay the

8   prosecution of this and numerous other unrelated cases, in the hopes that all of the cases can

9   eventually be forced into a coordinated proceeding overseen by the bankruptcy court.  But there is no

10  basis for such coordination, because the actions Defendants seek to transfer involve separate groups

11  of actions raising distinct types of claims that are unrelated to each other or to the bankruptcy.

12  Indeed, it was for this precise reason that Judge Freeman denied Defendants' motion to relate this

13  case with other actions on behalf of different investors asserting different claims under a different

14  stock offering.  *See* Dkt. No. 27.  Now Defendants attempt to revisit that decision by transferring

15  these actions and the unrelated cases to New York, where they will seek to relate them to still *more*

16  proceedings asserting different claims on behalf of different parties and raising issues whose

17  differences with this action are just as stark, if not more so.  Defendants' apparent efforts to

18  coordinate this and numerous other unrelated proceedings appears to have as its primary motive an

19

20  [14]     This is not Defendants' first attempt at delay-by-removal.  Defendants' willingness to cause
    needless delay through improper removal is underscored by the fact that they previously removed

21  four cases asserting 1933 Act claims against SunEdison and TerraForm Global even though "[s]ince
    2013, . . . every court in this district . . . has granted remand" with respect to such claims.  *Plymouth*

22  *Cty. Ret. Sys. v. Model N, Inc.*, No. 14-cv-4516-WHO, 2015 U.S. Dist. LEXIS 1104, at *8 (N.D. Cal.
    Jan. 5, 2015).  All of the previously removed cases were remanded, including one accompanied by

23  an award of attorneys fees.  *See, e.g.*, *Patel v. TerraForm Global, Inc.*, No. 5:16-cv-00073-BLF,
    Order Granting Plaintiff's Motion to Remand and Granting Plaintiff's Request for Fees (N.D. Cal.

24  Mar. 3, 2016) (finding attorneys' fees and costs warranted, noting that counsel for defendants
    litigated the same issue in the Northern District of California three times over the past four years,

25  with the matter remanded every time).

26  [15]     Remanding this case back to state court would render Defendants' motion to transfer moot.
    *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*, No.  SA CV 15-0687-DOC (DFMx), 2015 U.S.

27  Dist. LEXIS 75355, at *13 (C.D. Cal. June 10, 2015) ("Most courts, when faced with concurrent
    motions to remand and transfer, resolve the motion to remand prior to, and/or to the exclusion of, the

28  motion to transfer.").

1150357_1

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH                    - 14 -

1   effort to delay adjudication of this action on its merits for the benefit of no one, except, perhaps, the

2   Defendants.

3   Remanding this case to state court will prevent Defendants from engaging in these procedural

4   maneuvers designed solely to provide them with perceived tactical advantages, and will avoid

5   months of needless delay that will severely prejudice Plaintiffs. *See Glob. Vision*, 2009 U.S. Dist.

6   LEXIS 27486, at *5 (delay in proceedings factored into warranting remand); *see Ariail*, 1996 WL

7   1060890, at *4 (remand may be refused where case could *not* be timely adjudicated in the state

8   court).

9   Accordingly, for all of these reasons, if the Court concludes that remand is not required under

10  28 U.S.C. §1452(a), it should nevertheless exercise its discretion to abstain from exercising

11  jurisdiction and remand this case on equitable grounds pursuant to 28 U.S.C. §1452(b).

12  **IV.      CONCLUSION**

13  For the foregoing reasons, Plaintiffs respectfully request that the Court remand this Action to

14  the Superior Court for the State of California, County of San Mateo.

15  DATED:  May 26, 2016                    ROBBINS GELLER RUDMAN
                                               & DOWD LLP
16                                           DARREN J. ROBBINS
                                             JAMES I. JACONETTE
17                                           SCOTT H. SAHAM
                                             JENNIFER N. CARINGAL
18

19                                                    s/ Jennifer N. Caringal
20                                             JENNIFER N. CARINGAL

21                                           655 West Broadway, Suite 1900
                                             San Diego, CA  92101
22                                           Telephone:  619/231-1058
                                             619/231-7423 (fax)
23

24

25

26

27

28

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH                    - 15 -

1

2        ROBBINS GELLER RUDMAN
           & DOWD LLP
3        DENNIS J. HERMAN
         DAVID W. HALL
4        Post Montgomery Center
         One Montgomery Street, Suite 1800
5        San Francisco, CA  94104
         Telephone:  415/288-4545
6        415/288-4534 (fax)

7        Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF- 4:16-cv-02268-PJH                - 16 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 26, 2016.

s/ Jennifer N. Caringal
JENNIFER N. CARINGAL

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail: jcaringal@rgrdlaw.com

1150357_1

# Mailing Information for a Case 4:16-cv-02268-PJH Omega Capital Investors, L.P. et al v. SunEdison, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jaime Allyson Bartlett**
  jbartlett@sidley.com,sfefilingnotice@sidley.com,tberninzoni@sidley.com,dgiusti@sidley.com

- **Michael G. Bongiorno**
  michael.bongiorno@wilmerhale.com

- **Daniel H. Bookin**
  dbookin@omm.com,mgill@omm.com,LitigationCalendar@omm.com,rgonzalez@omm.com,kbetcher@omm.com

- **Sara B. Brody**
  sbrody@sidley.com,ddelarocha@sidley.com,sfdocket@sidley.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **David William Hall**
  dhall@rgrdlaw.com

- **Brett Hammon**
  brett.hammon@wilmerhale.com

- **Dennis J. Herman**
  dennish@rgrdlaw.com,khuang@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **James Ian Jaconette**
  jamesj@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Katharine Ann Kates**
  katharine@ramsey-ehrlich.com

- **Kevin J. O'Connor**
  koconnor@hinckleyallen.com,bbarretto@hinckleyallen.com

- **Timothy J. Perla**
  timothy.perla@wilmerhale.com

- **Ismail Jomo Ramsey**
  izzy@ramsey-ehrlich.com,elese@ramsey-ehrlich.com,katharine@ramsey-ehrlich.com,amy@ramsey-ehrlich.com,tonya@ramsey-ehrlich.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Patrick David Robbins**
  probbins@shearman.com,rcheatham@shearman.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)